Gregory B. Smith (USB #6657)
GREG SMITH & ASSOCIATES
111 East 5600 South, Suite 105
Murray, Utah 84107
Telephone: (801) 641-3397
gs@justiceinutahnow.com

*Attorney for Plaintiff, Brian Carlsen*

IN THE UNITED STATES DISTRICT COURT,
STATE OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BRIAN CARLSEN,<br><br>  Plaintiff,<br><br>vs.<br><br>NORTH FORK SPECIAL SERVICE DISTRICT, COREY CLUFF, STEPHEN MICHE AND JOHN DOES I-X<br><br>  Defendant. | **COMPLAINT**<br><br>(JURY TRIAL DEMANDED)<br><br>Case No.:<br><br>Judge: |

Plaintiff, Brian Carlsen, by and through his attorney, Gregory B. Smith of Greg Smith & Associates, hereby complains against Defendants, who are listed in the caption of of this Complaint, demanding a trial by jury, and seeking relief as follows:

1

## I. PARTIES

1. Plaintiff, Brian Carlsen, is a Utah citizen who resides in Draper, Salt Lake County, State of Utah (and is no longer employed for Defendant).

2. Defendant, North Fork Special Service District, ("the employer") is a political subdivision of the State of Utah (formed in 1982, pursuant to the Utah Special Service District Act).

3. Corey Cluff and Stephen Miche are individuals who are presumed to reside in Utah County, Utah.

## II. JURISDICTION AND VENUE

4. The Court has jurisdiction under the 1964 Civil Rights Act, and the United States Fair Labor Standards Act of 1938, §§ 7, 15(a)(3), 29 U.S.C.A. §§ 207, 215(a)(3); 29 C.F.R. § 778.111.

5. The Court also has supplemental jurisdiction pursuant to 28 U.S. Code § 1367.

6. Venue is proper in this Court (pursuant to 28 U.S.C. § 1391) because the activities took place in Utah County, State of Utah.

## III. STATEMENT OF FACTS/CLAIM

1. Defendant, North Fork Special Service District ("the employer"), is a political subdivision of the State of Utah.

2. The employer is a covered enterprise for purposes of the United States Fair Labor Standards Act (FLSA).
3. It was formed in 1982 pursuant to the Utah Special Service District Act
4. While employed for Defendant, Plaintiff was a non-exempt employee.
5. Plaintiff was hired by Defendant on or about October 15, 2015.
6. Plaintiff worked for North Fork Fire Department as a paramedic and firefighter.
7. Plaintiff was fired on or about June 1, 2017.
8. Plaintiff's hourly rate of pay was $15 per hour.
9. At times, Plaintiff worked as many as sixty (60) hours per week.
10. Defendant, the employer, failed to properly compensate Plaintiff overtime wages for overtime worked.
11. Plaintiff often worked off-the-clock when completing training for which he was not paid.
12. Though Defendant, the employer, paid for the training course itself, Defendant did not pay Plaintiff for his time.
13. Plaintiff reported a health and safety issue (Aubrey Durant's deficiencies were being overlooked), concerns about inappropriate flirting and touching between Ms. Durant and Stephan Miché during a call (sexual harassment), and a discrimination issue (that Ms. Durant was receiving exclusive one-on-one training from Mr. Michè, which Plaintiff, a male employee, was not

getting).

14. Ms. Durant and Mr. Miché worked for the water department; however, they also responded to calls for the fire department.

15. Plaintiff had knowledge of Ms. Durant's freezing and/or panicking during swift water rescue training on more than one occasion.

16. Plaintiff and Defendants had knowledge of Ms. Durant's failing to control a scene, and becoming overwhelmed and leaving a scene and general incompetence at times.

    a. Ms. Durant's negligence was being overlooked because she was a female, and because she was the target of Mr. Michés affection.

    b. The negligence of males, such as Plaintiff, was not overlooked.

17. Defendants also had knowledge of Ms. Durant missing IDs on a call, ignoring directions (refusing to continue patient care to the hospital because she had "things to do"), insisting she knew how to do something she did not know how to do, and making inappropriate and harmful comments about employees in front of a patient (implying incompetence on the part of the patient's caregivers), which male employees were not allowed to get away with.

18. Plaintiff had knowledge of Mr. Miché's coddling of Ms. Durant and offering her exclusive one-on-one training, which was not offered to Plaintiff, a male, nor would such have been tolerated by Defendants.

19. Other employees expressed concern and frustration with the above-

4

mentioned incidents.

20. Plaintiff was fired days after he reported the above-mentioned issues to Chief Corey Cluff.

21. Chief Cluff concurred that he had also witnessed inappropriate interactions between Ms. Durant and Mr. Miché on several occasions, but allowed such to continue because of the perceived value of Mr. Miché.

22. Chief Cluff stated that Mr. Miché was "untouchable" at the department (due to his experience, how close he lived, and because he responded to all calls), and that he liked Ms. Durant.

23. On or about June 1, 2017 Plaintiff asked Chief Cluff for an update as to what would be done about Plaintiff's complaints.

24. Chief Cluff stated Ms. Durant was one of the most valuable people at North Fork due to how close she lived to the department.

25. Chief Cluff reprimanded Plaintiff for raising the concerns of the sexual harassment issue, and gender-based discrimination that went in favor of Ms. Durant, but against Plaintiff.

26. Chief Cluff also began to criticize Plaintiff's abilities and work performance to retaliate against him for raising the issues of sexual harassment and disparate treatment based on one's gender.

27. Then, Chief Cluff called Plaintiff into his office and informed him that after a discussion with Mr. Miché they had decided to terminate Plaintiff's

employment.

28. Plaintiff asked if he was being fired because of "the whole Aubrey situation," to which Chief Cluff replied, "Yep."

29. Plaitniff was fired in violation of Utah public policy.

30. Plaintiff, in good faith, had reported what he deemed to be acts of sexual harassment against Ms. Durant and disparate treatment against him based on gender (not getting the same benefits of employment that Ms. Durant was getting), and as a direct result of such, he was fired.

31. In other words, *but for* Plaintiff's raising of those issues, he would not have been fired.

32. Plaintiff has suffered adverse job consequences, economic damages (loss of income) and mental anguish.

33. Plaintiff has lost about $2,100 in income per month since his firing.

34. Mr. Cluff and Miché retaliated against Plaintiff after he complained by having him fired for having complained in good faith about the perceived sexual harassment and gender discrimination.

    a. Chief Cluff attacked Plaintiff's abilities.

    b. He falsely stated that Plaintiff wasn't doing enough as a Tier 1 Medic.

    c. When Plaintiff asked what he was doing or not doing comparably, Chief Cluff stated that he couldn't think of a specific situation.

    d. Chief Cluff just two weeks prior wrote Plaintiff a note expressing how

6

grateful he was for Plaintiff's work and that Plaintiff was doing a great job).

e. Also, multiple times just prior to Plaintiff's complaining, Chief Cluff had told several other firefighters and employees that Plaintiff was setting the bar pretty high and they should keep up, as well as stating how much more Plaintiff did around there compared to others, and how good of an employee Plaintiff was.

## IV. CAUSES OF ACTION

35. Plaintiff brings any cause of action the facts support, whether now known or unknown, and reasserts all the facts listed in this Complaint.

36. **Title VII of the 1964 Civil Rights Act** prohibits employers from retaliating against employees based on an employee's opposition to employment discrimination or complaint of discrimination. See 42 U.S.C. § 2000e-3(a).

    a. Plaintiff in good faith complained to the employer what he deemed to be the sexual harassment against Aubrey Durant, who was giving in to such harassment, so that she could gain favorable treatment from the employer.

    b. Aubrey Durant's was an employee of the Fire District.

    c. The alleged harasser was an officer or manager of Aubrey Durant, and Plaintiff in good faith believed he made an unwanted sexual advance against Aubrey Durant, or was engaged in other unwanted verbal or

7

   physical conduct of a sexual nature towards Aubrey Durant.

d. In good faith, Plaintiff believed certain job benefits were conditioned, by words or conduct, on Aubrey Durant's acceptance of the alleged harasser's sexual advances or conduct; or that employment decisions affecting Aubrey Durant were being made based on her acceptance or rejection of the alleged conduct.

e. At the time of the alleged conduct, the alleged harasser was a supervisor or agent for fire district.

f. Plaintiff felt Aubrey Durant was being harmed by the alleged conduct because he felt he she stopped giving in, she'd suffer adverse consequences (inappropriate behavior - flirting, touching, etc. by Stephen towards Aubrey).

g. Plaintiff felt in good faith the harasser's conduct was a substantial factor in causing Aubrey Durant harm.

h. Further, because Plaintiff was a male, and not attractive to the harasser (who was romantically interested in woman only and Aubrey Durant, a woman), he could not get the same type of treatment Aubrey Durant was getting.

i. Plaintiff expressed these complaints to Chief Cluff, and also made it clear she was getting preferential treatment and training because of her gender, which Plaintiff was not getting.

37. As a direct result of Plaintiff's complaining about the issue of sexual harassment and illegal gender discrimination, the employer fired Plaintiff.

38. Under the United States Fair Labor Standards Act of 1938, Plaintiff was entitled to be paid overtime.

39. **The employer did not properly pay Plaintiff overtime.**

40. At times, he worked more than 60 hours per week, but was not paid overtime for those hours.

41. **The employer wrongfully terminated Plaintiff under Utah law.**

42. **A right to sue letter was issued by the EEOC, and this has been filed within 90 days of such.**

## V.   PRAYER FOR RELIEF

Plaintiff demands judgment against Defendants as follows:

1. That the Court order that the employer pay Plaintiff his owed unpaid wages (such as unpaid training wages, and unpaid overtime wages) and an equal amount of liquidated damages.

2. That the Court order that Defendants pay Plaintiff recover lost wages from the time he was fired (as a result of the retaliation that would not have occurred but for Plaintiff's complaining about the perceived sexual harassment and gender discrimination).

3. That Plaintiff be paid prejudgment interest on all unpaid monies owed for wages.

4. That the Court order that Defendants pay all costs and fees connected with the prosecution of this action as allowed by statute(s), including Plaintiff's reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b) and other statutes.
5. That this Court enter an Order granting Plaintiff judgment against Defendants for any other damages or losses suffered by Plaintiff as a result as a of the actions described herein.
6. For such other relief to which Plaintiff is entitled under the circumstances of this case, which the Court/Jury deems just.

DATED this 20th day of April, 2018.

/s/ Gregory B. Smith, attorney for Plaintiff



U.S. Department of Justice
Civil Rights Division

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

CERTIFIED MAIL
7016 2140 0000 5580 9796

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson, EMP, PHB, Room 4701*
*Washington, DC 20530*

February 01, 2018

Mr. Brian Carlsen
13513 S. Lonepoint Lane
Apt. 29202
Draper, UT 84020

Re: EEOC Charge Against North Fork Fire Dept.
No. 540201702440

Dear Mr. Carlsen:

    Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

    If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice. If you cannot afford or are unable to retain an attorney to represent you, the Court may, at its discretion, assist you in obtaining an attorney. If you plan to ask the Court to help you find an attorney, you must make this request of the Court in the form and manner it requires. Your request to the Court should be made well before the end of the time period mentioned above. A request for representation does not relieve you of the obligation to file suit within this 90-day period.

    The investigative file pertaining to your case is located in the EEOC Phoenix District Office, Phoenix, AZ.

    This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

John M. Gore
Acting Assistant Attorney General
Civil Rights Division

by Karen L. Ferguson
Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc: Phoenix District Office, EEOC
    North Fork Fire Dept.